NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-2739
_____

SAFDAR ALI SHAH,
Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,
Respondent
_____

On Petition for Review of an Order of the
United States Department of Justice
Board of Immigration Appeals
(BIA 1: A090-627-747)
Immigration Judge: Hon. Dorothy A. Harbec
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
March 1, 2016

Before: AMBRO, JORDAN and SCIRICA, *Circuit Judges*.

(Filed May 10, 2016)
_____

OPINION*
_____

_____

* This disposition is not an opinion of the full court and, pursuant to I.O.P. 5.7, does not constitute binding precedent.

JORDAN, *Circuit Judge*.

Safdar Ali Shah, a native and citizen of Pakistan, petitions for review of a Board of Immigration Appeals ("BIA") decision dismissing his appeal from an order of an Immigration Judge ("IJ") that concluded, among other things, that he was ineligible for cancellation of removal under 8 U.S.C. § 1229b(b) due to his lack of 10 years' continuous physical presence in the United States. We will deny the petition.

## I.    BACKGROUND

Shah asserts that he first entered the United States by crossing the Mexican border without inspection in April 1981. Upon being granted advanced parole,[1] he made several trips back to Pakistan.

On July 29, 2009, the Department of Homeland Security ("DHS") issued a Notice to Appear ("NTA") in immigration court to defend against charges of removability under 8 U.S.C. § 1182(a)(7)(A)(i)(I), as an alien not in possession of a valid, unexpired immigration visa or entry document. Through his counsel, Shah conceded the legal and factual bases for his removal and requested cancellation of removal.

On December 22, 2009, the IJ denied Shah's cancellation application on the basis that (1) Shah failed to demonstrate the requisite 10 years' continuous physical presence in the United States to establish cancellation eligibility; (2) he did not show that he had

---

[1] Advanced parole allows an alien to "temporarily … remain in the United States pending a decision regarding his application for admission." *Cheruku v. Att'y Gen.*, 662 F.3d 198, 201 n.2 (3d Cir. 2011) (internal quotation marks omitted). "When used to enter the United States … after travel, this amounts to permission … for ingress into the country but is not a formal admission." *Id.* (internal quotations omitted).

qualifying relatives; and (3) even assuming he had a qualifying relative, Shah did not demonstrate the necessary exceptional and extremely unusual hardship that his relative would suffer if Shah were removed to Pakistan. Accordingly, the IJ denied Shah's application for cancellation of removal, and ordered him removed to Pakistan.

On the question of continuous presence, the IJ noted that Shah listed several departures from the United States on his cancellation application, and review of Shah's passport, together with Shah's own testimony, showed that he was out of the country from October 24, 2002 until February 6, 2003, which amounts to a break in his physical presence in the country of 105 days. The IJ concluded that, because Shah had been absent from the country for more than 90 days, by operation of statute he could not qualify for cancellation relief by showing a "continuous presence in the United States of at least 10 years with no breaks." (AR at 52.)

Shah appealed the IJ's decision to the BIA, but did not challenge the finding that he departed the United States for a period in excess of 90 days. Instead, he argued that a departure in excess of 90 days does not necessarily break continuous physical presence and that, because his departures did not exceed 180 days in the aggregate, he can establish the required continuous physical presence for cancellation relief. The BIA rejected that argument based on a reading of 8 U.S.C. § 1229b(d)(2)'s plain language and found that the IJ properly determined that Shah failed to establish eligibility for

3

cancellation of removal. It therefore dismissed Shah's appeal. This timely petition for review followed.[2]

## II.   DISCUSSION[3]

### A.   STANDARD OF REVIEW

We review the BIA's determinations of law *de novo*, but "subject to established principles of deference." *Wang v. Ashcroft*, 368 F.3d 347, 349 (3d Cir. 2004). We decide the petition "only on the administrative record on which the order of removal is based," 8 U.S.C. § 1252(b)(4)(A), and defer to the administrative findings of fact as "conclusive[,] unless any reasonable adjudicator would be compelled to conclude to the contrary," 8 U.S.C. § 1252(b)(4)(B). Where, as here, the BIA issues its own decision on the merits and not a summary affirmance, we review its decision, rather than that of the IJ, *Sheriff v. Att'y Gen.*, 587 F.3d 584, 588 (3d Cir. 2009), provided, however, that we review the IJ's decision to the extent that the BIA relied upon it, *Wang v. Att'y Gen.*, 423 F.3d 260, 267 (3d Cir. 2005). The BIA has a corresponding responsibility to review the IJ's findings of fact only for clear error. 8 C.F.R. § 1003.1(d)(3)(i).

---

[2] This case was held in abeyance for several years pending adjudication by the United States Citizenship and Immigration Services (USCIS) of several immediate relative visa petitions, all of which were ultimately denied.

[3] The BIA had jurisdiction under 8 C.F.R. § 1003.1(b)(3). We exercise jurisdiction pursuant to 8 U.S.C. § 1252(a)(1). Although the jurisdictional statute strips us of jurisdiction over "any judgment regarding the granting of relief under section … 1229b," 8 U.S.C. § 1252(a)(2)(B)(i), we have interpreted that provision to apply only to discretionary aspects of the denial of cancellation of removal. *See Mendez-Moranchel v. Ashcroft*, 338 F.3d 176, 178 (3d Cir. 2003). Satisfaction of the continuous residency requirement is not such a discretionary decision and is thus subject to our review. *See Mendez-Reyes v. Att'y Gen.*, 428 F.3d 187, 189 (3d Cir. 2005); *Okeke v. Gonzales*, 407 F.3d 585, 588 n.4 (3d Cir. 2005).

**B.** **SHAH'S ELIGIBILITY FOR CANCELLATION OF REMOVAL**

Shah is removable from the United States. His lack of "a valid unexpired immigrant visa, reentry permit, border crossing identification card, or other valid entry document" at the time of application for admission renders him inadmissible, and thus removable, from the United States. *See* 8 U.S.C. § 1182(a)(7)(A)(i)(I) (lack of required documents renders alien inadmissible); 8 U.S.C. § 1227(a)(1)(A) (alien who was inadmissible at time of entry is deportable). He does not contest that fact.

Having conceded removability, the sole relief that Shah now seeks is cancellation of removal, and he bears the burden of showing that he is eligible for it. *Pareja v. Att'y Gen.*, 615 F.3d 180, 185 (3d Cir. 2010). For a nonpermanent resident to be eligible for cancellation of removal, he must establish that he meets four requirements: continuous physical presence in the United States of not less than 10 years; good moral character; an absence of certain disqualifying criminal convictions; and that removal would result in exceptional and extremely unusual hardship to a qualifying relative who is a United States citizen or lawful permanent resident. 8 U.S.C. § 1229b(b)(1).

By statute, an alien has failed to maintain a continuous presence in the United States if he "has departed from the United States for any period in excess of 90 days or for any periods in the aggregate exceeding 180 days." 8 U.S.C. § 1229b(d)(2). For purposes of Shah's continuous presence requirement, the relevant period ended on July 29, 2009, when Shah was served with an NTA. *See* 8 U.S.C. § 1229b(d)(1) (providing, in part, that "any period of … continuous physical presence in the United States shall be deemed to end … when the alien is served a notice to appear").

5

On his cancellation application, Shah listed several departures from the United States, and review of his passport showed that he was out of the country for 105 days from October 24, 2002 until February 6, 2003, thus constituting a break of more than 90 days in his physical presence in the country. As noted above, Shah does not contest the IJ's finding that he departed the country for a period exceeding 90 days. In his opening brief to this Court, he did not include the continuous-physical-presence requirement in his statement of the issues presented on appeal, nor did that brief offer any "supporting arguments and citations" to challenge the BIA's finding that he did not satisfy that requirement. *Simmons v. Phila.*, 947 F.2d 1042, 1065 (3d Cir. 1991); *see also* Fed. R. App. P. 28(a). Shah has thus waived that issue on review.[4] *See, e.g.*, *FDIC v. Deglau*,

---

[4] Shah did raise the continuous physical presence issue in his reply brief, but that was insufficient to preserve the issue. *See In re Surrick*, 338 F.3d 224, 237 (3d Cir. 2003) (holding that a party's failure to raise an issue in the opening brief waived the issue even though the party raised the issue in his reply brief). Moreover, even if Shah could raise his arguments for the first time in a reply brief, they would still be unavailing, as there was a break of more than 90 days in his physical presence in the United States. He has therefore failed the first requirement for cancellation of removal, rendering him ineligible for such relief under 8 U.S.C. § 1229b. Relying heavily on *Matter of Arrabally*, 25 I. & N. Dec. 771 (BIA 2012) – albeit only as "instructive" analogous authority (Reply Br. 5) – Shah essentially argues that the 90-day period should have been tolled because he departed the country with advanced parole. But the continuous presence requirement provides, in plain statutory terms, that "[a]n alien *shall be* considered to have failed to maintain continuous physical presence in the United States … if the alien has departed from the United States for any period in excess of 90 days … ." 8 U.S.C. § 1229b(d)(2) (emphasis added). As Shah correctly points out, that 90-day period is "not absolute" inasmuch as 8 U.S.C. 1229b(b)(2) creates special tolling exceptions for battered individuals (Reply Br. 2), but Congress's own creation of a narrow exception does not authorize us to create other exceptions. Because Congress "has directly spoken to the precise question at issue[,] … both the agency and the court must give effect to the plain language of the statute." *Yusupov v. Att'y Gen.*, 518 F.3d 185, 197 (3d Cir. 2008) (internal quotation marks omitted).

207 F.3d 153, 169 (3d Cir. 2000) (reaffirming that failure to raise an issue in the opening appellate brief waives the issue).

Continuous physical presence is a "threshold requirement" that a petitioner must satisfy to qualify for cancellation of removal. *Okeke v. Gonzales*, 407 F.3d 585, 588 (3d Cir. 2005). Because Shah waived any challenge to the BIA's conclusion that he was not physically present in the United States for a continuous period of no less than 10 years, that issue is dispositive. Shah is simply ineligible for cancellation of removal under 8 U.S.C. § 1229b(b)(1).[5]

## III.   CONCLUSION

For the foregoing reasons, we will deny Shah's petition for review.

---

[5] Because Shah's waiver of the continuous physical presence finding is dispositive, we need not address any of the other bases for the BIA's denial of his application for cancellation of removal, including whether removal would result in exceptional and extremely unusual hardship to a qualifying relative. *See Immigration & Naturalization Serv. v. Bagamasbad*, 429 U.S. 24, 25-26 (1976) ("As a general rule courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach."). Nevertheless, the government's decision to remove Mr. Shah after allowing him to build a life in this country for decades is, to put it mildly, troubling. His illegal status was no mystery, and his presence here was formally sanctioned by the grant of advanced parole (*see supra* n.1). Despite that, immigration officials are now exercised about his being out of the United States once for 15 days longer than he should have been. (And, on that occasion, it was only because he was ill and could not travel. *See* AR at 369.) That is the basis – the sole basis disclosed – on which the government has decided to tear a family apart by sending Shah back to Pakistan. Of all the cases in which to invest limited enforcement resources, this choice must be among the strangest, and the results are very sad indeed. Those with the power to consider it again should do so.